IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAROLYN HERZ SRIVASTAVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-00853 |
| v. ) | JUDGE HAYNES |
| ) | |
| MARIAN HERZ, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, Carolyn Herz Srivastava, filed this pro se action against the Defendants: Marian Herz, Retirement Living, Inc., Donahoe Irvin, PC, David F. Hamilton, Gerald Zore, Richard Schreiner, R. Horton Frank, III, Blakeford at Green Hills Corporation, Cumberland Trust and Investment Company, Eric Holder, and Donald Harris. Plaintiff alleges that the Defendants engaged in a pattern of racketeering that deprived Plaintiff of money and other property.

The Court first takes judicial notice of Plaintiff's prior litigation in this Court, Srivastava v. Blakeford at Green Hills Corp., et al., 3:10-cv-00082 (M.D. Tenn. 2010). Under 28 U.S.C. 1915(e)(2)(B)(2), the Court makes an initial inquiry to assess whether this action should proceed further. The pro se complaint can be dismissed if the complaint fails to state a claim or is frivolous or malicious or seeks damages from a defendant who is immune from such damages claims as a matter of law. A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal

theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); see also Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Upon review of the complaint, Plaintiff's claims are clearly frivolous and meritless. Defendant Hamilton was the federal district court judge assigned several of Plaintiff's prior lawsuits in the Southern District of Indiana. As such, because all acts about which Plaintiff complains were judicial acts within his jurisdiction, Defendant Hamilton has absolute judicial immunity from suit. Plaintiff also merely repeats claims from her earlier action against Defendant Hamilton that were dismissed with prejudice. Srivastava v. Blakeford at Green Hills Corp., et al., 3:10-cv-00082 (M.D. Tenn. 2010) (Docket Entry No. 62, Order).

Additionally, to promote the interests of judicial economy, a district court may raise the doctrine of res judicata sua sponte. Holloway Construction Co. v. United States Department of Labor, 891 F.2d 1211, 1212 (6th Cir. 1989). An action will be barred under res judicata where (1) prior litigation involved the same parties or their privies, (2) the prior litigation was terminated by a final judgment on the merits, and (3) the prior litigation involved the same claim or cause of action as the present lawsuit. Hydranautics v. Film Tec Corporation, 204 F.3d 880 (9th Cir. 2000).

The complaint here is merely a continuation of Plaintiff's prior actions brought in the Southern District of Indiana and Middle District of Tennessee that were previously dismissed with prejudice. See Srivastava v. Bepko, et al., Case No. 1:04-cv-945-RLY-WTL (S.D. Ind. 2005); Srivastava v. Marion County Election Board, 125 Fed. Appx. 57, 58 (7th Cir. 2005) (affirming district court injunctions requiring screening of all future filings due to the finding that "Srivastava had 'built a record of relentlessly frivolous pro se litigation' consisting of some 27 federal and state lawsuits...."); Srivastava v. Bepko, et al., Case No. 1:03-cv-00952-DFH-VSS

(S.D. Ind. 2004); <u>Srivastava v. Hamilton, et al.</u>, Case No. 1:06-cv-00131-LJM-VSS (S.D. Ind. 2006).

Plaintiff alleges that many of the prior defendants in the various Southern District of Indiana and Middle District of Tennessee actions have continued their conspiracy through a vast "Syndicate" that Donahoe Irvin, PC, R. Horton Frank, III, Cumberland Trust and Investment Company, Eric Holder, and Donald Harris have allegedly joined. It is clear to the Court, however, that Plaintiff's claims against Defendants David F. Hamilton, Marian Herz, Richard Schreiner, Gerald Zore, Retirement Living, Inc., and Blakeford at Green Hills Corporation are entirely barred by <u>res judicata</u>.

The claims in the complaint not barred by <u>res judicata</u> are delusional and consistent with Plaintiff's past claims alleging anti-Semitic conspiracies. <u>Glenn</u>, 183 F.3d at 479; <u>see also</u> <u>Davis v. Ruby Foods, Inc.</u>, 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptional."). Plaintiff's claims against Defendants Donahoe Irvin, PC, R. Horton Frank, III, Cumberland Trust and Investment Company, Eric Holder, and Donald Harris are brought only as a pretext for Plaintiff to continue her meritless and fantastical pattern of litigation. <u>Polyak v. Lesnansky</u>, 890 F.2d 416, 1989 WL 143564, at *2 (6th Cir. 1989). Finally, Plaintiff's new claims against Defendants Donahoe Irvin, PC, R. Horton Frank, III, Cumberland Trust and Investment Company, Eric Holder, and Donald Harris are precluded by the doctrine of collateral estoppel. <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).

For the above stated reasons, Plaintiff's claims against all Defendants are **DISMISSED with prejudice** for failure to state a claim. The Clerk of the Court is **ORDERED** to not file any additional lawsuits by Plaintiff Carolyn Herz Srivastava without prior approval of the Court.

This is the Final Order in this action.

Any appeal of this action would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

**ENTERED** this the  30th  day of September, 2010.

WILLIAM J. HAYNES, JR
United States District Judge